UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSE REIDY,

                              Petitioner,

                                                                                 DECISION AND ORDER

                                                                                  14-CV-6668L

                          v.

JOSEPH SMITH,

                              Respondent.
_____

        Petitioner, Jessie Reidy ("Reidy"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 relative to a criminal conviction of attempted rape in the first degree. The petition is in all respects denied, and the case is dismissed.

        Reidy was originally charged with rape in the first degree in Erie County Supreme Court, New York. Reidy pleaded guilty to attempted rape in the first degree (N.Y. Penal Law § 130.35[4], 110.00) on March 23, 2007. On June 21, 2007, Reidy was sentenced to a term of 42 months imprisonment with five years post-release supervision.

        Reidy filed no direct appeal from that judgment and sentence, nor did he file any post-judgment motions for relief from the judgment. Reidy's time to appeal in state court lapsed on or about July 21, 2007. *See People v. Varenga*, 26 N.Y.3d 529, 538 (2015) ("where ... a defendant does not take a direct appeal from the judgment of conviction and sentence, the judgment becomes final 30 days after sentencing, when the defendant's automatic right to seek direct appellate review of the judgment expires pursuant to CPL 460.10(1)(a)").

        Reidy was, pursuant to his sentence, released from state custody. In January 2013, he was charged in federal court with a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm). Reidy was indicted in federal court on March 20, 2013.

1

Reidy was recommitted to state custody on October 1, 2013, based on his violation of the conditions of his post-release supervision.  It appears that he was discharged from state prison as of May 28, 2015, but is now serving a separate federal sentence.[1]  Reidy filed the instant petition in federal court on December 1, 2014.

In his federal habeas petition, Reidy is proceeding *pro se*.  He now contends that his trial counsel was ineffective and that some of the evidence against him, specifically admissions, were unlawfully obtained by the police.

Reidy's petition must be dismissed.  It is untimely by several years, and his claims have not been exhausted as required by statute.

With respect to exhaustion, 28 U.S.C. § 2244(d)(1) requires that petitions seeking habeas corpus relief must be filed within one year of the underlying judgment becoming final.  In this case, Reidy's judgment became final thirty days when his sentence was imposed on July 21, 2007.  Since Reidy filed no direct appeal and filed no other state proceedings attacking that judgment, that is the date from which the one-year period for filing a habeas corpus petition runs.  Reidy's petition was filed more than *seven years* later.  For that reason alone, his petition must be denied and the case dismissed.  Reidy has demonstrated no reason for this Court to accept his petition filed at this late date.  *See*, *e.g.*, *Williams v. Tarascio*, No. 16-cv-190, 2016 WL 3198206, at *2 (D.Conn. June 8, 2016); *Quezada v. Capra*, No. 13-CV-8574, 2015 WL 2130217, at *5 (S.D.N.Y. May 6, 2015).

Most likely, what moved petitioner to file when he did was the fact that he became re-incarcerated upon a violation of the terms of his post-release supervision.  That circumstance does not toll or excuse Reidy's failure to timely file the habeas corpus petition, which relates to matters occurring upon his original arrest and prosecution, and which has no relevance to the violation of the terms of his post-release supervision.

---

[1] Reidy was sentenced on March 5, 2014 by a judge of this Court (13-CR-00072) to a 60-month term of imprisonment for a firearms offense concurrent with his state court conviction that is the subject of the instant habeas corpus petition (NYS Dkt. No. 06-02212).

Reidy has also failed to comply with the well-recognized requirement that claims presented to federal court on a habeas corpus petition must first be presented to the state court, and that the petitioner must exhaust his state remedies. That principle has long been recognized. *See Rose v. Lundy,* 455 U.S. 509 (1982); *Boyland v. Artus*, No. 14-CV-1047, 2016 WL 4718196, at *4 (W.D.N.Y. Sept. 8, 2016). Reidy has never presented any of his current claims in state court.

Federal courts have recognized an exception to the exhaustion requirement where the petitioner claims "actual innocence." Reidy now claims, years after he admitted his guilt, that he is innocent of the underlying charge.

Reidy has presented virtually no evidence supporting this claim. He has attacked the credibility of some of the witnesses who testified against him, but these arguments could have been raised long ago.

To proceed on an actual-innocence claim, a petitioner must present a claim that is both "credible" and "compelling." *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 521 (2006)). "[T]o be 'credible,' [the claim] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Id. (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt–or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.'" *Rivas*, 687 F.3d at 541 (quoting *House*, 547 U.S. at 538).

Reidy has met neither standard here. He has not presented any new evidence, nor do his arguments present a credible claim of innocence.

As pointed out by respondent, Reidy made confessions to law enforcement, which he never sought to suppress, and he admitted his guilt again in his sworn allocution at the time he pleaded guilty in state court.

The transcript of the plea proceeding of March 23, 2007 is a part of the record before this Court. That plea colloquy before Justice Penny M. Wolfgang was precise and thorough, and left no doubt regarding Reidy's guilt. During the plea colloquy, Reidy was advised that he would receive the minimum sentence of 42 months, plus five years post-release supervision. He admitted that on July 1, 2006, he had sexual intercourse with a 12-year-old girl, at her home. When the prosecutor pointed out that Reidy had sexual contact multiple times with the victim, he admitted that as well.

Reidy's assertion that his inculpatory statements were unlawfully obtained is also untimely, and unexhausted. Reidy failed to present this claim to the state courts, either prior to or after his plea. His latter-day doubts about the strength of the evidence against him, years after he admitted his guilt in open court, can hardly be said to amount to an "extraordinary" case that would warrant excusing Reidy's failure to exhaust his state remedies.

Grasping at whatever straws he can, Reidy also now claims that his lawyer was ineffective. He has provided no cogent basis for that assertion. Reidy's counsel obtained a favorable plea and sentence, especially considering that seriousness of the charges against Reidy.

Counsel is "strongly presumed" to have rendered adequate assistance, with a high level of deference placed upon the strategic decisions counsel makes. *Strickland v. United States*, 466 U.S. 668, 689 (1984). That "heavy measure of deference to counsel's judgments" applies to plea negotiations no less than to other matters. *Romero v. United States*, No. 05-cr-184, 2015 WL 5148802, at *4 (S.D.N.Y. Aug. 21, 2015) (quoting *Strickland*, 466 U.S. at 691).

"The Supreme Court has specifically cautioned that in the plea context, courts must be wary of the 'particular risk that an after-the-fact assessment will run counter to the deference that must be accorded counsel's judgment and perspective when the plea was negotiated, offered, and

entered.'" *Espinal v. Lee*, No. 13 Civ. 8692, 2014 WL 5643418, at *10 (S.D.N.Y. Nov. 3, 2014) (quoting *Premo v. Moore*, 562 U.S. 115 (2011)). Reidy's belated regrets now, almost a decade after the incidents charged, do not give rise to a viable habeas claim.

## CONCLUSION

The petition for habeas corpus relief is in all respects denied and the case dismissed. Petitioner, Jesse Reidy, has failed to timely file the petition and has completely failed to exhaust state court remedies concerning the claims he now raises.

The Court denies a certificate of appealability because the petitioner has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 4, 2016.